**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Muhammad-Misbah Umar,<br><br>   Plaintiff,<br><br>v.<br><br>Lee Schuchart, et al.,<br><br>   Defendants. | No. CV-22-00385-TUC-JGZ<br><br>**ORDER** |

  Plaintiff Muhammad-Misbah Umar filed this tort action against Defendants, alleging a state-law trespass claim and asserting this Court has diversity jurisdiction. (Doc. 1 at 1–2, 37–38.) Plaintiff asks the Court "for compensation for loss of property" and "immediate restoration of property see exhibit A." (*Id.* at 2.) Exhibit A appears to include a photograph of a young child, (*id.* at 27); a UCC Financing Statement listing Adam Hamza Umar as the debtor, (*id.* at 28); a Notary Certificate stating Plaintiff is the father of Adam Hamza Umar (the Debtor), (*id.* at 33); and an Affidavit stating Plaintiff is the "holder in due course of first right of claim over the Debtor as evidenced by the $100,000,000.00 commercial lien," (*id.* at 34). It therefore appears that Plaintiff's trespass claim asks the Court to give him his son rather than return to him any property.

  On August 14, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. (Doc. 22.) The Court explained that it must dismiss this case if Plaintiff did not show that the Court had the authority to hear Plaintiff's claim and grant Plaintiff the relief he seeks. (*Id.*) The Court

directed Plaintiff to answer the following questions in his response:

1. What specific property does Plaintiff want returned?

2. Does Plaintiff want the Court to give him custody, visitation, or communication with his son?

3. Does Plaintiff want a relief or judgment that primarily relates to a family relationship or dispute between his family members?

4. Does the Court have subject-matter jurisdiction? And if so, how?

(*Id.*)

On September 8, 2023, Plaintiff filed a Response to the Court's order to show cause. (Doc. 23.) In his Response, Plaintiff states that his son is his property and that he has the exclusive rights over his son. (*Id.* at 2–3.) Plaintiff also listed five remedies he seeks from this Court:

- Declarant asks this court to find the facts and execute on the law of the contract before this Court.

- Declarant asks summary judgment on his administrative remedy.

- Declarant asks this court for immediate restoration of his property, see exhibit A.

- Declarant asks respectfully this court to award me fair and just compensation for the damages I have incurred.

- Declarant requests the court to release the Order of the Court to MUHAMMAD MISBAH UMAR.

(*Id.* at 3.) Attached to Plaintiff's Response is Exhibit A, a photograph of a young child. (Doc. 23-1 at 6.)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court has subject-matter jurisdiction in the form of diversity jurisdiction over civil actions (1) between citizens of different States and (2) where the matter in dispute is greater than the value of $75,000. 28 U.S.C. § 1332. There is a domestic-relations exception to diversity jurisdiction. *See Atwood v. Fort Peck Tribal Ct. Assiniboine*, 513 F.3d 943, 946–47 (9th Cir. 2008). For a long time, the Supreme Court has recognized that this exception removes a federal

court's jurisdiction when the relief a plaintiff seeks relates primarily to domestic relations or family disputes. *Id.*; *see also In re Burrus*, 136 U.S. 586, 596 (1890). Here, Plaintiff's claims and relief requested primarily relate to a domestic-relations dispute over whether Plaintiff may have custody of his son. (*See* Doc. 23 at 2–3.) For this reason, the Court does not have the authority to hear this case or grant Plaintiff the relief he seeks. The Court will therefore dismiss this case for lack of subject-matter jurisdiction.

Accordingly,

**IT IS ORDERED** that this case is **dismissed** with prejudice. The Clerk of Court must enter judgment accordingly and close its file in this action.

Dated this 25th day of September, 2023.

_____
Jennifer G. Zipps
United States District Judge